# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OSMANI ALICEA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 12-1750 ) Judge Nora Barry Fischer |
| CITIZENS BANK OF PENNSYLVANIA, | ) ) |
| Defendant. | ) ) ) ) |

## **MEMORANDUM ORDER**

Presently before the Court are Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) (Docket No. 6), its Brief in Support (Docket No.7) and Supplemental Brief in Support (Docket No.27), as well as Plaintiff's Brief in Opposition and Response in Opposition to same. (Docket Nos. 15, 28). Upon consideration of the parties' submissions, their argument at a Motion Hearing on April 19, 2013 (Docket No. 23), the allegations in Plaintiff's Complaint, and, in light of the relevant legal standard under Rule 12(b)(1), Defendant's Motion to Dismiss [6] is DENIED.

Plaintiff, individually and on behalf of all others similarly situated, has pled that Defendant violated the Electronic Fund Transfer Act, 15 U.S.C. §1693, *et seq*. and its implementing regulations, 12 C.F.R. § 205 *et seq*. (the "EFTA"), as it stood when he filed his complaint on December 3, 2012, by charging him a $3.00 ATM usage fee after allegedly failing to provide sufficient notice of said fee. (Docket Nos. 1, 15, 28). Defendant counters that Plaintiff lacks standing to assert his claim, as he has not alleged injury in fact by pleading that he was unaware of the fact that he would be charged the $3.00 ATM fee. (Docket No. 7). Thus,

Defendant has launched a facial[1] attack on Plaintiff's Complaint, and moved to dismiss it under Rule 12(b)(1). Under this rule, the Court applies the Rule 12(b)(6) standard, assuming the facts pled by Plaintiff as true, and resolves all reasonable inferences in his favor. *See, e.g., Petruska v. Gannon University,* 462 F.3d 294, 302 (3d Cir. 2006); *Mullen v. Thompson,* 155 F. Supp. 2d 448, 451 (W.D. Pa. 2001) (J. Lancaster). The Court focuses its analysis on the only true dispute between the parties, i.e., whether the pleading sets forth sufficient facts which could plausibly establish that the charged fee is enough to find injury in fact under the EFTA. (Docket Nos. 1, 12, 13). The court finds that it does.

The EFTA mandates that operators of ATMs provide notice of fees charged to consumers for use of the machine. Specifically, section 1693b(d) requires a notice of any fee to be posted on two locations: 1) on the ATM itself, and 2) on the ATM screen during a transaction. *Greiff v. Palace Entm't Holdings, LLC,* Civ. A. No. 09-1388, 2010 WL 1816300 (W.D. Pa. May 4, 2010) (J. Lancaster) (citing 15 U.S.C. § 1693b(d)(3)(B)). An ATM operator may not impose a fee in connection with any electronic fund transfer initiated by a consumer unless both notices are received by the consumer, and the consumer elects to continue the transaction. 15 U.S.C. § 1693b(d)(3)(C). Providing only one form of appropriate notice is insufficient to satisfy the statutory requirements. *Riviello v. Pennsylvania State Employees Credit Union*, Civ. A. No. 1:11-CV-1533, 2012 WL 1048813 (M.D. Pa. Mar. 28, 2012), *appeal dismissed* (June 18, 2012). Further, the EFTA's implementing regulations require that ATMs that impose a fee provide the on-machine notice "in ***a prominent and conspicuous location on or at the [ATM]*** and disclose

---

[1] A facial attack challenges the sufficiency of the pleadings, and the court must accept the plaintiff's allegations as true. *Petruska,* 462 F.3d at 302. When a defendant attacks a complaint on its face, he "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen,* 155 F.Supp.2d at 451. Dismissal is proper under Rule 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2 1406, 1409 (3d Cir.1991).

the amount of the fee..."² *Reviello v. Philadelphia Fed. Credit Union*, Civ. A. No. 12-508, 2012 WL 2196320 (E.D. Pa. June 14, 2012)(citing 12 C.F.R. § 205.16(b); 12 C.F.R. § 205.16(c)(1)(emphasis added)); s*ee also Brown v. Wells Fargo & Co.*, 284 F.R.D. 432 (D. Minn. 2012) (notice was not "prominent and conspicuous," where notice was not in capital letters, type and background of notice were in a coordinating, not contrasting, color, unlike other signs and buttons on ATMs, and notice was placed inside hood that protected the screen). As explained by the Seventh Circuit, the three elements of an EFTA claim are as follows: (1) a transfer of funds; (2) an initiation of the transfer by electronic means; and (3) a debit or credit to a consumer account. *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.,* 111 F.3d 1322, 1328 (7th Cir.1997).

As held by a majority of Courts, a violation of the statute constitutes injury in fact, and thus, a plaintiff obtains standing when the statute is violated. *Piontek v. Penn Sec. Bank & Trust Co.*, Civ. A. No. 3:10-CV-1038, 2011 WL 1002194 (M.D. Pa. Jan. 31, 2011) *report and recommendation adopted*, 2011 WL 1042274 (M.D. Pa. Mar. 18, 2011).³ Courts within the Third Circuit, including this District, have found standing resulting from such injury. *See e.g.*, *Greiff*, 2010 WL 1816300 (denying motion to dismiss, as plaintiff's complaint did more than establish threadbare recitals of a cause of action under the EFTA, and set forth sufficient facts to state a plausible EFTA claim against defendant); *Reviello v. Bluhm's Gas Sales, Inc*., Civ. A. No.

---

²     The Court is mindful that the notice requirements changed on December 20, 2012 after the filing of this suit. (Docket No. 7 at pg. 3) (noting that Congress amended the EFTA to eliminate the on-machine notice requirement).

³     *See, e.g., among others, Frey v. Eglobal* ATM, Civ. A. No. 3:11-CV-2598-L, 2013 WL 1091237 (N.D. Tex. Mar.15, 2013)("[T]he EFTA creates a legal right to notice of a fee for an electronic funds transaction, and the failure to receive such notice in one of the statutorily mandated forms, is, in itself, an injury in fact."); *Mabary v. Hometown Bank*, N.A., 888 F. Supp. 2d 857 (S.D. Tex. 2012) (ATM operator's alleged failure to provide two statutorily mandated forms of notice of ATM fee, if proven, constituted injury-in-fact to ATM user, even if ATM screen provided user with one form of notice of fee charged, and thus, user had standing to bring putative class action against operator for violation of EFTA); *Campbell v. Hope Cmty. Credit Union*, Civ. A. No. 10–2649–STA, 2012 WL 423432, at *2 (W.D. Tenn. Feb. 8, 2012); *Kinder v. Dearborn Fed. Sav. Bank*, No. 10–12570, 2011 WL 6371184, at **4–5 (E.D. Mich. Dec. 20, 2011); *In re Regions Bank ATM Fee Notice Litig*., Nos. 2:11–MD–1000, 1001, 1002, & 2202–KS–MTP, 2011 WL 4036691, at *3 (S.D. Miss. Sept. 12, 2011).

3:12-CV-312, 2012 WL 5298856 (M.D. Pa. Oct. 25, 2012)(denying defendant's summary judgment motion, as a genuine issue of material fact existed as to whether notice attached to machine had information regarding $1.75 surcharge fee); *Reviello v. Philadelphia Fed. Credit Union*, 2012 WL 2196320 at *2 (denying motion to dismiss, as neither the statute nor the implementing regulation "sets forth any specific requirements regarding the size, features, or other attributes of the notice," but rather requires only that the on-machine notice be placed in a prominent and conspicuous location); *Piontek*, 2011 WL 1002194 at *3. Analogously, the Third Circuit found a violation of the Real Estate Settlement Procedures Act of 1974 ("RESPA") in *Alston v. Countrywide Financial Corporation*, 585 F.3d 753 (3d Cir. 2009), constituted an injury in fact, regardless of any harm to the Plaintiff.[4] The Court recognizes that there are a minority of courts holding that a statutory violation is not sufficient to provide standing under the EFTA. *See, e.g., Charvat v. First Nat. Bank of Wahoo*, Civ. A. No. 8:12-CV-97, 2012 WL 2016184 (D. Neb. June 4, 2012). However, to the extent that the Defendant relies on *Charvat*, this Court finds this case to be unpersuasive.[5]

Instead, this Court agrees with the Plaintiff, that he has sufficiently pled all the elements of an EFTA violation. To this end, he avers that: (1) he used defendant's ATM on November 29, 2012, (*Id*. at ¶29); (2) ATMs transfer funds electronically; and (3) because he was charged a fee,

---

[4] Defendant argues in its Supplemental Brief that *Alston* is distinguishable from the instant case, as the statutory right at issue required notice and disclosure of fees for use of an ATM, and that Plaintiff has not alleged that he failed to receive such notice, was unaware that he would be charged or was misled by the fee notice, and that thus, he has not suffered the "informational" injury that the EFTA was enacted to protect. (Docket No.27 at 1). However, just as *Alston* held that RESPA provided a right to relief "irrespective of whether the kickback caused an increase in the amount of fees charged," the EFTA provides a right to relief when the statute itself is violated. *See Frey*, 2013 WL 1091237 (N.D. Tex. Mar.15, 2013); *Mabary*, 888 F. Supp. 2d 857 (S.D. Tex. 2012).

[5] The District Court of Nebraska acknowledged that *Charvat* is in the minority of cases, commenting that at least three district courts had held that when an ATM operator fails to provide a fee notice on the exterior of the ATM, as required by the EFTA, the statutory violation is, in itself, an injury – regardless of whether the plaintiff had actual knowledge of the fee through the on-screen notice and affirmatively accepted it. 2012 WL 2016184 at *2. The Court notes that this case is currently on appeal to the Eighth Circuit, and is scheduled for oral argument on May 14, 2013. (See No. 12-2797NE) available at: http://www.ca8.uscourts.gov/webcal/may13omh.pdf. (last visited 5/6/13).

he necessarily used the ATM to withdraw from or add funds to one of his accounts. (Docket No. 1). Though the facts stated in the Complaint do not state the precise amount that Plaintiff withdrew or deposited, the allegations are sufficient to infer that the three-element test is satisfied. Further, Plaintiff's allegations that the machine's notice was not "prominent and conspicuous," in addition to the fee of $3.00 that Plaintiff states he was charged, are sufficient to state a claim and establish statutory standing to bring this class action complaint against Defendant under §§ 1693b and 205.16(c). (*Id*. at ¶30).[6] *See Mabary*, 888 F. Supp. 2d 857; *see also Piontek*, 2011 WL 1002194 at *3 (plaintiff's affidavit stating that there was not a notice on the ATM itself, in concert with the use of the ATM and the fee of $2.00 that she was charged, was sufficient to establish a prima facie violation of §§ 1693b and 205.16(c) by defendant).

Based on the allegations of the Complaint, the authority cited in Plaintiff's brief, as well as the Court's own research, the Court is persuaded that Plaintiff has stated allegations that constitute injury, in fact. Plaintiff's allegations are sufficient to establish a federal cause of action under the EFTA as it stood on December 3, 2012, when plaintiff filed his Complaint. *Mullen,* 155 F.Supp.2d at 451. Because Plaintiff has set forth sufficient factual matter to show that the EFTA claim is facially plausible as to Citizens Bank, Defendant's motion fails.

For these reasons,

    IT IS HEREBY ORDERED that Defendant's Motion [6] is DENIED;

---

[6] The imposition of a fee is a precondition for a violation of § 1693b(d)'s notice requirements. *Clemmer v. Key Bank Nat. Ass'n*, 539 F.3d 349, 354 (6th Cir. 2008).

IT IS FURTHER ORDERED that Defendant shall file an Answer to Plaintiff's Complaint by **May 20, 2013 at 12:00 p.m.**

        *s/Nora Barry Fischer*
        Nora Barry Fischer
        United States District Judge

Date: May 6, 2013

cc/ecf: All counsel of record.